**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lowell Scott FIELDS, Defendant-
Appellant.**

**No. 74–1085.**

United States Court of Appeals,
Sixth Circuit.

Argued June 17, 1974.

Decided July 30, 1974.

McCree, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Henry E. Hughes, Tackett, Keller, Hughes & Roney, Lexington, Ky., for defendant-appellant.

Robert M. Murphy, Asst. U. S. Atty., for plaintiff-appellee; Eugene E. Siler, U. S. Atty., Lexington, Ky., on brief.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

Fields has appealed from his conviction and sentence for receiving and possessing a shotgun after he had been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1). In his previous trial the jury failed to agree, resulting in a mistrial.

Fields contends that the evidence was insufficient to establish the elements of commerce and possession required by the statute. The proof was to the effect

that the shotgun was manufactured in Spain, shipped to a dealer in Harrisburg, Pennsylvania, and was sold to a company in Lexington, Kentucky. The shotgun was purchased by one, Mitchell, who loaned it to his son. The shotgun was stolen from the son, and it turned up in the possession of Fields.

Fields was observed by a state police officer, holding the shotgun in his hands while riding as a passenger in an automobile, and he was arrested.

■ In our opinion there was sufficient evidence that the weapon had traveled in commerce, and affected commerce. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); United States v. Day, 476 F.2d 562 (6th Cir. 1973).

■ The District Court did not err in refusing to strike from the indictment language which described the nature of the felonies of which Fields had been previously convicted, nor in admitting evidence relative thereto. At his previous trial Fields had stipulated his felony convictions, but made no offer so to stipulate in his second trial.

■ We find no error in the appointment of counsel by the Court to represent Fields when he had no funds to employ counsel of his own choosing. In our opinion Fields' claim that he was not adequately represented is not supported by the evidence. Beasley v. United States, 491 F.2d 687 (6th Cir. 1974).

The judgment of conviction is affirmed.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I respectfully dissent from that part of the court's opinion that upholds the district court's refusal to strike from the indictment language describing appellant's previous felony convictions, apparently because a formal stipulation concerning the existence of these convictions was not offered. Although no such offer was made by defense counsel, whose appointment appellant opposed because he

had requested a continuance to permit his retained counsel to conduct the trial, the record makes clear that Fields objected to submitting to the jury a description of his previous convictions. He unmistakenly endeavored to have the existence of his convictions stipulated as they had been in the earlier trial of the case before another judge where the jury was unable to agree:

THE DEFENDANT:

May I approach the Bench, Your Honor?

THE COURT:

Well, only with your attorney and with the United States Attorney.

All right, come up, Gentlemen.

(Reporter's note: The following proceedings were had at the Bench and out of the hearing of the prospective jury).

THE COURT:

Let the record show the defendant is present at the Bench with his attorney, and the United States Attorney is present.

THE DEFENDANT:

I had a discussion about this when I had another lawyer the last time when we had a hung jury, and I had every intention of appealing, and they never brought that out in court. If it had been appealed I have reason to think I won't be convicted.

THE COURT:

I don't understand what you're talking about.

MR. MURPHY:

The last time this case was tried Judge Rosenstein tried it.

THE COURT:

Did he put these marks on the indictment?

MR. MURPHY:

Evidently he did. The jury was never allowed to have the indictment read to them and never allowed to see it. The Judge made defense counsel and the United States Attorney agree that the defendant had been convicted

of a felony. That's as far as it went. The United States was never allowed to put in what the felony was.

THE COURT:

That's what Judge Rosenstein did?

MR. MURPHY:

Yes.

THE COURT:

Well, if he had been convicted of some of the counts — say, even though he had been convicted and it was on appeal, it would still be admissible.

MR. SILER:

That's the Lisle case.

MR. MURPHY:

His reasoning on that also by telling the jury of the offense here would be prejudicial to the defendant.

THE COURT:

Well, I have taken the contrary view, because you have to introduce the record.

Well, you will have to discuss that with your attorney, Mr. Fields.

THE DEFENDANT:

Well, I would like to object to my attorney. I hadn't seen him until I got here a while ago. I had two attorneys hired for this case.

THE COURT:

Who are they?

THE DEFENDANT:

I had Reaves and he didn't show up the other day, and I had Hughes and you wouldn't give him time to prepare the case. He wanted you to give him 4 days, and you give this fellow 18 days, and I haven't seen him any more.

Fields' attempt to keep the details of his previous felony convictions from the jury preserves for our review the propriety of the district court's ruling. I would hold, in the exercise of our supervisory powers, that disclosure of information about prior convictions is so unnecessarily prejudicial that it should not be permitted if a defendant is willing to stipulate to their existence. *Cf.* Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). In *Spencer,* where a state procedure for an habitual criminal prosecution was challenged, the Court, in a five to four decision, rejected the contention that the admission of evidence of a criminal defendant's prior convictions in the trial of the pending criminal charge was *constitutional* error because of its prejudicial effect. Nevertheless, five members of the Court, including Justice Stewart who concurred separately, would have barred the admission of such evidence in a case invoking the exercise of the Court's *supervisory* powers over criminal procedures in the federal courts. The rationale for adopting this procedure was articulated by former Chief Justice Warren, in dissent. He observed:

Evidence of prior convictions has been forbidden because it jeopardizes the presumption of innocence of the crime currently charged. A jury might punish an accused for being guilty of a previous offense, or feel that incarceration is justified because the accused is a "bad man," without regard to his guilt of the crime currently charged against him. Of course it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he has committed the crime currently charged against him. As Mr. Justice Jackson put it in a famous phrase, "[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." Krulewitch v. United States, 336 U.S. 440, 453 [69 S.Ct. 716, 723, 93 L.Ed. 790] (concurring opinion) (1949). United States v. Banmiller, 310 F.2d 720, 725 (C.A. 3d Cir. 1962). Mr. Justice Jackson's assessment has received support from the most ambitious empirical study of jury behavior that has been attempted, see Kalven & Zeisel, The American Jury 127–130, 177–180. *Id.* at 575, 87 S.Ct. at 659.

Because the same prejudice arises from informing a jury of an accused's previous convictions in the manner per-

mitted by the district court in this case, I would prohibit such disclosure when an accused is willing, as was Fields, to stipulate to the existence of his prior felony convictions.

Although appellant sought to strike from the indictment reference to his prior convictions, his untutored request should have been treated as an attempt to prevent disclosure to the jury of the offenses described therein. No error was committed by setting forth the prior convictions in the indictment.

Since I have grave doubts that the erroneous disclosure in this case did not have a substantial effect on the jury, particularly in the light of the jury's inability to agree in the previous trial where this evidence was excluded, Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), I would reverse the conviction and remand for a new trial.