UNITED STATES of America,
Plaintiff-Appellee,

v.

James Dewey SIMS,
Defendant-Appellant.

No. 78–5082.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1978.

Decided Dec. 12, 1978.

**1146**

William Gary Crabtree, London, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., Robert F. Trevey, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal presents the question of whether the district court abused its discretion by permitting the Government to impeach the appellant by introducing evidence of two prior felony convictions which were more than ten years old, in violation of Rule 609(b) of the Federal Rules of Evidence.

James Dewey Sims appeals from his jury conviction for possession of a firearm as a previously convicted felon in violation of 18 U.S.C.Appendix § 1202(a)(1). On March 15, 1977, Sims was arrested in Pulaski County, Kentucky, while driving his automobile. During a search of Sims' vehicle, a Pulaski County deputy sheriff found a .38 caliber revolver underneath the front seat on the driver's side. Sometime in March 1977, that same .38 caliber revolver had been stolen from the home of one of Sims' neighbors. Sims was indicted and convicted on a single count indictment charging him with being a convicted felon in possession of a firearm. The underlying felony conviction recited in the indictment was the conviction of Sims on May 18, 1970, in the McCreary County Circuit Court at Whitley City, Kentucky, of the felony crime of knowingly possessing stolen property.

Sims testified that he had no knowledge of the pistol being in his vehicle. He stated that on Thursday, March 10, 1977, his son and a neighbor boy cleaned out the vehicle, including the space beneath the driver's seat. On the following day Sims traveled from Somerset, Kentucky, to Cincinnati, Ohio, attend the funeral of a relative. He testified that he was unaware that the pistol was in his car until it was found by the deputy sheriff.

In addition to appellant's 1970 felony conviction, the prosecution introduced, for the purpose of impeachment, evidence of two other prior felony convictions of appellant, both of which were more than ten years old. One was a 21 year old conviction for burglary in 1956. The second was a 12 year old conviction for interstate transportation of a stolen motor vehicle in 1965.

A previous trial of Sims on this indictment resulted in a deadlocked jury. Evidence of his two old convictions, the 1956 conviction for burglary and the 1965 conviction for interstate transportation of a stolen vehicle, were not introduced in the earlier trial.

The sole issue on appeal is whether it was reversible error to allow impeachment of appellant by evidence of the two prior felony convictions, both more than ten years old.

Section 609 of the Federal Rules of Evidence provides as follows:

**Rule 609. Impeachment by Evidence of Conviction of Crime**

(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted,

and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

In the version of the Federal Rules of Evidence adopted by the Supreme Court in 1972, Rule 609(b) was as follows:

**(b) Time Limit.**—Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date.

The Advisory Committee note states:

Few statutes recognize a time limit on impeachment by evidence of conviction. However, practical considerations of fairness and relevancy demand that some boundary be recognized.

■ The rule was revised successively in the House, in the Senate, and in the Conference. 10 Moore's Federal Practice, ¶ [1.–11] at VI–120 (2d ed. 1976.)[1] The legislative history surrounding these revisions evidences a basic distrust in the probative value of convictions more than ten years old when evidence of such convictions is used to impeach the credibility of a witness.

The legislative history further demonstrates an intent that evidence of convictions more than ten years old should be admitted very rarely and only in exceptional circumstances. The House version of the rule, like the original version adopted by the Supreme Court, took the unequivocal position that evidence of convictions more than ten years could never be admitted for impeachment.[2]

The Senate adopted a modified version of the House proposal, but included exacting standards for admission of prior convictions.

Under this formulation, a witness' entire past record of criminal convictions could be used for impeachment (provided the conviction met the standard of subdivision (a), if the witness had been most recently released from confinement, or the period of his parole or probation had expired, within ten years of the conviction.

The Committee amended the Rule to read in the text of the 1971 Advisory Committee version to provide that upon the expiration of ten years from the date of a conviction of a witness, or of his release from confinement for that offense, that conviction may no longer be used for impeachment. The Committee was of the view that after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible.

---

1. For a detailed legislative history, including Congressional debates, see 3 Weinstein's Evidence, 609–1 (1977). See also *United States v. Shapiro*, 565 F.2d 479 (7th Cir. 1977).

2. H.R. Rep. No. 93–650, 93rd Cong., 1st Sess., *reprinted in,* [1974] U.S.Code Cong. & Admin. News 7051, 7085 stated:

*Rule 609(b)*

Rule 609(b) as submitted by the Court was modeled after Section 133(a) of Public Law 91–358, 14 D.C.Code 305(b)(2)(B), enacted in 1970. The Rule provided:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date.

The Senate version allowed the use of convictions more than ten years old for impeachment purposes under limited articulated circumstances. The Senate Judiciary Committee reported as follows: [3]

Although convictions over ten years old generally do not have much probative value, there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness. Rather than exclude all convictions over 10 years old, the committee adopted an amendment in the form of a final clause to the section granting the court discretion to admit convictions over 10 years old, but only upon a determination by the court that the probative value of the conviction supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact. It is expected that, in fairness, the court will give the party against whom the conviction is introduced a full and adequate opportunity to contest its admission.

The Conference Committee adopted the Senate version but added the requirement for advance notice of intention to request the court to allow evidence of a conviction older than ten years.[4] The Conference Committee version, which became law, reflects the apprehension of the Supreme Court and both Houses of Congress that stale convictions have little, if any, probative value for determining the credibility of a witness, and their admission into evidence should be allowed only in exceptional circumstances.

■ An important purpose of Rule 609(b) is to avoid convicting criminal defendants as a result of prejudice caused by the cumulative effect of old criminal convictions. When stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity. In *United States v. Harding*, 525 F.2d 84, 89 (7th Cir. 1975), the court stated:

When the prior conviction is used to impeach a defendant who elects to take the stand to testify in his own behalf, two inferences, one permissible and the other impermissible, inevitably arise. The fact that the defendant has sinned in the past implies that he is more likely to give false testimony than other witnesses; it also implies that he is more likely to have committed the offense for which he is being tried than if he had previously led a blameless life. The law approves of the former inference but not the latter.

**3.** S.Rep. No. 93–1277, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News 7051, 7061.

**4.** H.R.Conf.Rep. No. 93-1597, 93d Cong., 2d Sess., *reprinted in,* [1974] U.S. Code Cong. & Admin.News 7051, 7103.
The Report of the Conference Committee stated:
The House bill provides in subsection (b) that evidence of conviction of a crime may not be used for impeachment purposes under subsection (a) if more than ten years have elapsed since the date of the conviction or the date the witness was released from confinement imposed for the conviction, whichever is later. The Senate amendment permits the use of convictions older than ten years, if the court determines, in the interests of justice, that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.
The Conference adopts the Senate amendment with an amendment requiring notice by a party that he intends to request that the court allow him to use a conviction older than ten years. The Conferees anticipate that a written notice, in order to give the adversary a fair opportunity to contest the use of the evidence, will ordinarily include such information as the date of the conviction, the jurisdiction, and the offense or statute involved. In order to eliminate the possibility that the flexibility of this provision may impair the ability of a party-opponent to prepare for trial, the Conferees intend that the notice provision operate to avoid surprise.

In *United States v. Belt*, 169 U.S.App. D.C. 1, 9, 514 F.2d 837, 845 (D.C.Cir. 1975), the court stated that Rule 609(b) should be applied "to criminal defendants where impeachment 'presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record.'" *Cf. United States v. Johnson*, 542 F.2d 230, 234–35 (5th Cir. 1976). In *Abbott Labs., Ross Labs. Division v. N. L. R. B.*, 540 F.2d 662, 667 (4th Cir. 1976), the Fourth Circuit cited Rule 609(b) as analogous support for its proposition that "Hall's prior criminal record of twenty years earlier did not require that he be disbelieved."

■ Under Rule 609(b), the district judge must make "an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978).

In *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976), the court set down the following test for the admission of prior felony convictions under Rule 609:

In the future, to avoid the unnecessary raising of the issue of whether the judge has meaningfully invoked his discretion under Rule 609, we urge trial judges to make such determinations after a hearing on the record, as the trial judge did in the instant case, and to explicitly find that the prejudicial effect of the evidence to the defendant will be outweighed by its probative value. When such a hearing on the record is held and such an explicit finding is made, the appellate court easily will be able to determine whether the judge followed the strictures of Rule 609 in reaching his decision. 3 J. Weinstein, *Evidence* ¶ 609[03] at 609–78 (1975).

The hearing need not be extensive. Bearing in mind that Rule 609 places the burden of proof on the government, Cong.Rec. 12254, 12257 (daily ed., December 18, 1974) (remarks of House conferees); 3 J. Weinstein, *Evidence*, ¶ 609[03]

at 609–40, 41, 42 (1975), the judge should require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction. The defendant should be permitted to rebut the government's presentation, pointing out to the court the possible prejudicial effect to the defendant if the evidence is admitted.

Some of the factors which the judge should take into account in making his determination were articulated by then Judge Burger in *Gordon v. United States*, 127 U.S.App.D.C. 343, 383 F.2d 936, 940 (1967):

(1) The impeachment value of the prior crime.
(2) The point in time of the conviction and the witness' subsequent history.
(3) The similarity between the past crime and the charged crime.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue.

See 3 J. Weinstein, *Evidence*, ¶ 609[03] at 609–78 to 609–75 (1975).

In *United States v. Cox*, 536 F.2d 65, 71 (5th Cir. 1976), the Fifth Circuit cited Rule 609 in holding that evidence of a fifteen year old conviction was inadmissible for purposes of impeachment. Judge Gewin said:

It is well-settled, however, that to be admissible for any purpose the other offenses must have occurred at a time not too remote from the time of commission of the principal offense. *United States v. Adderly*, 529 F.2d 1178, 1180 (5th Cir. 1976); *United States v. Arteaga-Limones*, 529 F.2d 1183, 1196–97 (5th Cir. 1976); *United States v. Kirk*, 528 F.2d 1057, 1060 (5th Cir. 1976). Here, the prostitution offense was committed some fifteen years prior to appellant's trial. Hence, evidence of it should have been excluded because of its remoteness.

Moreover, the critical consideration in determining whether other crimes evidence is admissible is whether the proba-

tive value and prosecutorial need for such evidence outweigh its potential for prejudicing the jury. *See United States v. San Martin,* 505 F.2d 918 (5th Cir. 1974); *United States v. Anderson,* 165 U.S.App. D.C. 390, 509 F.2d 312 (1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975); *United States v. Goldsmith,* 483 F.2d 441, 443 (5th Cir. 1973). 536 F.2d at 71.

*Accord, United States v. Shapiro, supra,* 565 F.2d 479 (7th Cir. 1977).

In the present case the Government gave the notice required by the Rule. The district court stated the following basis for allowing admission of the two convictions more than ten years old:

> I think based upon Rule 609(b) that the United States has given sufficient advance notice here and that I believe in the interest of justice the probative value of these convictions substantially outweighs its prejudicial effect. I think, one prime factor in that is that I have the benefit of having tried the case before and the case really comes down somewhat to the issue of credibility of the defendant. In the present case, and of course, he might not take the stand, but if he takes the stand as in the previous case, he stated that he knew nothing about the weapon and that's a real issue of credibility. But under different circumstances, of course, the Court might determine that the prejudicial effect outweighs the probative value. But in this case, under these circumstances where his credibility is essentially the whole case, I think that it is certainly probative and I will grant the United States' request to use these two convictions if we get to that point
>
> . . .

■ Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded. *United States v. Johnson, supra,* 542 F.2d at 234. As set forth in the legislative history quoted above, evidence of convictions more than ten years old will be admitted "very rarely and only in exceptional circumstances." In

*Johnson,* a 16 year old felony conviction was found properly admitted under Rule 609(b) to impeach the defendant where that prior conviction directly contradicted the testimony of the defendant. We conclude that no such "exceptional circumstance" is presented by use of appellant's prior convictions in the instant case.

The previous trial of appellant, when the jury had no knowledge of his two old prior convictions, resulted in a deadlocked jury. At the trial involved in the present appeal, the Government was permitted to introduce evidence of appellant's two prior convictions because appellant's credibility was "essentially the whole case" and because the convictions were probative of that credibility. With the evidence of those two previous convictions before them, the members of the jury discredited the testimony of appellant and returned a guilty verdict.

■ We cannot agree that the probative value of a 21 year old burglary conviction or a 12 year old conviction for transporting a stolen motor vehicle substantially outweighs their prejudicial effect in the present case. Nor do we find any rare and exceptional circumstances that would justify the admission of the two stale convictions into evidence. Both convictions were remote in time and neither necessarily shed any light upon the credibility of appellant. We conclude that their admission into evidence in the present case outweighed their probative value and violated both the language and purpose of the rule.

■ The purpose of Rule 609(b) is to prevent the conviction of a defendant on the basis of his old prior criminal record, when evidence of that record is introduced ostensibly for the purpose of impeaching the defendant's credibility, but the stale convictions are not probative of credibility. Therefore, it is contrary to that purpose to permit the Government, after a previous mistrial, to bolster its case by evidence of stale convictions, thereby enabling the prosecution to obtain a conviction on the second trial.

With all deference to the wide discretion of the district judge in overseeing the presentation of evidence to the jury, *United States v. Jenkins*, 525 F.2d 819, 824 (6th Cir. 1975), we conclude that the obvious prejudice resulting from the admission of appellant's prior conviction substantially outweighed their probative value. The admission of these two old convictions into evidence had precisely the effect which Rule 609(b) is intended to eliminate—prejudicing the jury against the defendant on the basis of his prior criminal record. Accordingly, we conclude that the district court abused its discretion in permitting the two stale convictions to be introduced into evidence in the present case.

The judgment of conviction is reversed and the case is remanded for a new trial.

ENGEL, Circuit Judge, dissenting.

I respectfully dissent. I would hold that Judge Siler's statement of his reasons for admitting the evidence of Sims' earlier convictions met at least the minimum requirements of Rule 609(b).

Since proof of Sims' prior conviction of a felony is an essential element of the crime under 18 U.S.C. § 1202(a)(1) (Appendix), the jury was necessarily possessed of this prejudicial information regardless of whether he testified. Likewise, we have held in our circuit that it is not improper for an indictment to charge or the government to prove in such cases that the defendant had been previously convicted of more than one felony. *United States v. Burkhart*, 545 F.2d 14 (6th Cir. 1976); *United States v. Fields*, 500 F.2d 69 (6th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974). The government is also not obligated to accept a stipulation from the defendant in lieu of presenting proof of prior crimes to the jury. *Burkhart, supra*. Thus it is entirely possible that the government here might have included the other felonies in the indictment and thus have placed them before the jury in any event, without any compliance with Rule 609 being required.

Of course, the government did not do so here, nor do I suggest that it should have.

I do suggest, however, that in prosecutions under Section 1202(a)(1), at least, the prejudicial impact of proof of prior convictions is considerably lessened because the jury already knows the defendant had a record. At the same time the value of the evidence to the jury in determining the credibility of the defendant as a witness is somewhat enhanced because a man with a more extensive record is much more likely to know it is unlawful to possess weapons and to guard against the danger. The case hung on whether the jury would believe or disbelieve Sims' story. In such circumstances, the jury should be possessed of as much information as is useful and permissible to assist it in the difficult task of assessing the defendant's credibility.

Although somewhat abbreviated in form, the trial judge's statement here reflects, in my judgment, a conscientious exercise of the discretion vested in him under Rule 609. I would affirm.