**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Claude BLACKBURN,
Defendant-Appellant.**

**No. 78–5269.**

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 1979.

Richard E. Plymale, Deputy Federal Defender, Lexington, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., Robert F. Trevey, Jesse Crenshaw, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and DeMASCIO, District Judge.[*]

---

[*] Hon. Robert E. DeMascio, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

## ORDER

Appellant Claude Blackburn was convicted, following a jury trial, of possession of a firearm by one having been previously convicted of a felony. 18 U.S.C. § 1202(a)(1) (Appendix) (1976).

■ In his appeal Blackburn asserts that it was error for the trial court to have refused his offer to stipulate that he had committed the felonies described in the indictment in order to avoid disclosing their nature to the jury. In short, the appellant asks this court to reconsider its earlier opinion in *United States v. Burkhart,* 545 F.2d 14 (6th Cir. 1976). Upon consideration, the court adheres to its decision in *Burkhart, supra,* particularly under the facts of this case.

■ Appellant also claims that it was error for the court to have permitted the government to impeach him on cross-examination by use of a felony more than ten years old, in violation of Rule 609(b), Fed.R. Evid. While the court is of the opinion that the admission of the proof of this third felony did not conform to the standards of Rule 609(b), as set forth in this court's opinion in *United States v. Sims,* 588 F.2d 1145 (6th Cir. 1978), it is further of the opinion that any error in this regard was harmless within the meaning of Rule 52(a), Fed.R.Crim.P., particularly since the jury already had before it the evidence of Blackburn's commission of the felonies described in the indictment. Accordingly,

IT IS ORDERED that the judgment of the district court is affirmed.

DeMASCIO, District Judge, concurring:

In *United States v. Burkhart,* 545 F.2d 14 (6th Cir. 1976), this court's order announced that "the government was not required to accept in lieu of proof the defendant's stipulation [that he had a prior felony conviction within the meaning of 18 U.S.C. Appendix § 1202(a)(1) (1976)] and was not limited to establishing only one prior conviction." Relying on that brief order, the district court overruled Blackburn's motions to strike from the indictment references to the nature of his prior felonies and to require the government to stipulate that appellant had prior felony convictions. Blackburn argues that disclosing the nature of his prior felony convictions was highly prejudicial. I agree that it was. Disclosure of the nature of prior felony convictions makes it difficult to assure an accused a fair and impartial jury. Without doubt, it places an unnecessary burden upon the presumption of innocence. The government cannot justify the need for routinely referring to the nature of the prior felony convictions in the indictment. Nor does *Burkhart* set forth any reasons for sanctioning the government's right to refuse a stipulation. Therefore, I cannot agree that the court should adhere to the *Burkhart* rule. I believe a fair trial is more assured if the government's right to reject the kind of stipulation offered by Blackburn is left to the sound discretion of the trial court.

I concur, however, in affirmance of Blackburn's conviction because the nature of his two prior convictions was admissible to rebut Blackburn's defense of innocent possession of the firearm. Both of his prior felony convictions were admissible under Rule 609(a), Fed.R.Evid. His prior felony conviction for shooting into a dwelling house would have also been admissible under Rule 404(b), Fed.R.Evid., on the issue of Blackburn's motive and intent.

Under *United States v. Sims,* 588 F.2d 1145 (6th Cir. 1978), Blackburn's 1962 conviction should not have been admitted to impeach his credibility under Rule 609(b), Fed.R.Evid., unless and until the government made a showing on the record that its probative value substantially outweighed any prejudicial effect. I concur with the majority, however, that error in this regard was harmless within the meaning of Rule 52(a), Fed.R.Crim.P.