983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lebron BENFORD, Defendant-Appellant.
 No. 92-5506.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1993.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, David Lebron Benford, appeals his conviction for a violation of 18 U.S.C. § 922(g)(1), the possession while a felon of a firearm which has been transported in interstate commerce. In his appeal, defendant raises the following allegations of error: (1) the district court erred in overruling defendant's motion to limit the number of convictions which the United States may introduce to the jury or, in the alternative, to allow defendant to stipulate to a felony conviction; (2) the district court erred by allowing the prosecutor to cross-examine a defense witness about her testimony in an unrelated trial for the purpose of impeachment; (3) the district court erred in allowing the prosecutor to cross-examine defendant in relation to the testimony of a prosecution witness; (4) the district court erred in denying defendant's motion in limine relative to the arrest of defendant for allegedly operating a stolen vehicle; (5) the district court erred in allowing evidence that defendant possessed a firearm in connection with two instances of prior criminal activity; (6) the aforementioned errors as combined are sufficiently prejudicial as to violate the Due Process Clause of the Fifth Amendment to the United States Constitution. Finding defendant's contentions to be without merit, we affirm his conviction.
 
 I.
 
 2
 On October 25, 1990, a Chattanooga, Tennessee, police officer spotted defendant, whom the officer knew to be a drug dealer, driving a motor vehicle in a well-known drug-trafficking area. As the officer approached the vehicle, defendant drove away. The officer pursued the vehicle and determined that it was stolen. As a consequence the officer stopped defendant, noting that as she did he appeared to be putting something down onto the floorboard of the car. Defendant was subsequently arrested for operating the stolen vehicle. As defendant's daughter was being escorted from the vehicle so that it could be towed away, another officer saw a gun sticking out of a brown grocery bag lying on the floor of the car. The gun, a loaded .357 magnum revolver, was in the bag next to a still-cold carton of orange juice. Defendant denied knowledge of the gun and claimed that he had borrowed the motor vehicle. Charges against defendant for possessing a stolen vehicle were later dismissed. He was, however, indicted and convicted pursuant to 18 U.S.C. § 922(g)(1) as a felon possessing a firearm that had been transported in interstate commerce.
 
 II.
 
 3
 Benford contends that the trial court should have limited the number of prior felony convictions that the prosecution could introduce to the jury in support of its case. In the alternative, he argues that he should have been able to stipulate to a single felony conviction rather than have the entire record of his prior felony convictions placed before the jury.
 
 
 4
 It is well established in this circuit that the government is not limited to demonstrating only one prior conviction in felon-in-possession cases. United States v. Ford, 872 F.2d 1231, 1238 (6th Cir.1989); United States v. Blackburn, 592 F.2d 300, 301-02 (6th Cir.1979). Furthermore, the government is not required to accept defendant's stipulation of a prior felony conviction in lieu of proof. United States v. Burkhart, 545 F.2d 14, 15 (6th Cir.1976). Accordingly defendant's contention is unavailing.
 
 III.
 
 5
 Defendant next contends that the trial court erred in allowing the prosecution to cross-examine defense witness DeShea Hughley about her testimony in an unrelated trial for the purpose of impeachment. In that trial, Hughley's boyfriend was charged with violating federal drug and weapons statutes. She testified that she and her boyfriend had rented a room together but were unaware of the presence of the drugs and the firearm that were subsequently found in the room. Hughley's boyfriend was ultimately convicted of the charges brought against him. In the instant case, Hughley testified to the effect that the firearm in question was hers and that she had inadvertently left it in the car in which defendant was later stopped. The prosecution sought to impeach her credibility by citing her testimony in the case of her boyfriend which, in the prosecution's view, had been implicitly discounted by the jury in that case.
 
 
 6
 Rule 608(b) of the Federal Rules of Evidence allows a party to inquire into specific instances of a witness' conduct "in the discretion of the court, if probative of truthfulness or untruthfulness." Fed.R.Evid. 608(b). Such an inquiry is limited to that
 
 
 7
 (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 
 
 8
 Id. Rule 403 of the Federal Rules of Evidence requires, however, that the probative value of the cross-examination must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury. Fed.R.Evid. 403.
 
 
 9
 The evidence concerning Hughley's testimony at her boyfriend's trial is certainly probative of her truthfulness or untruthfulness. The jury in the instant case could infer from her testimony in the prior trial and the outcome of that trial that she lied to help her boyfriend and might be doing so again. Such an inference is not the only inference as to her credibility that could be drawn from Hughley's prior testimony but it is a plausible and a reasonable one.
 
 
 10
 We must therefore consider whether any prejudice to defendant's case substantially outweighed the probative value of the prosecution's cross-examination of Hughley concerning her prior testimony. Our review of Rule 403 determinations is under an abuse of discretion standard. United States v. Ingrao, 844 F.2d 314, 316 (6th Cir.1988); United States v. Zipken, 729 F.2d 384, 389 (6th Cir.1984). There is a difference between cross-examination that is prejudicial and that which is merely damaging. We can detect no unfair prejudice to defendant in the prosecution's cross-examination of Hughley. At most, such a line of questioning was damaging to defendant's case, which is to be expected when the truthfulness of a key defense witness is challenged. Accordingly we hold that the trial court did not err in permitting the prosecution to cross-examine Hughley about her prior testimony.
 
 IV.
 
 11
 Benford also contends that the trial court erroneously allowed the prosecution to cross-examine him regarding the credibility of a prosecution witness. After examining the record we are convinced that the prosecution simply did not cross-examine defendant for such a purpose. Defendant claimed at trial that he had no knowledge of the presence of the firearm found in the vehicle that he was driving when stopped by the police. The trial court subsequently admitted evidence under Rule 404(b) of the Federal Rules of Evidence that defendant had knowingly possessed weapons in the past as indicative of his knowing possession of the firearm in question in the instant case. The prosecution offered the testimony of defendant's parole officer, Brandon Bull, who stated that defendant had a firearm in his possession when arrested for aggravated assault in January of 1989. After defendant denied on the stand that he possessed a firearm at that time he was asked whether Bull's testimony was "erroneous." Our reading of the record indicates to us that the prosecution asked the question to call the jury's attention to Bull's prior testimony so as to put defendant's own credibility at issue. In essence, the prosecution was asking whether, in the face of conflicting evidence, defendant wished to stick to his story that he had no knowledge of the firearm found in his presence. Defendant was not asked to comment directly upon Bull's credibility. Consequently we conclude that defendant's contention is without merit.
 
 V.
 
 12
 Benford next contends that the trial court committed error in denying his motion in limine to exclude evidence regarding the circumstances of his original arrest. He was initially stopped for operating an allegedly stolen motor vehicle at which point the police discovered that he had a firearm in his possession. Charges against him relating to the vehicle were subsequently dismissed. He argues that the nature of his original arrest had no bearing on his guilt or innocence in regard to the violation of 18 U.S.C. § 922(g)(1) for which he was ultimately tried. He asserts that the evidence concerning the reasons for that arrest was highly prejudicial and should have been excluded in accordance with Rule 403 of the Federal Rules of Evidence.
 
 
 13
 A trial court's decision on the admission of evidence is reviewed under an abuse of discretion standard. Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 157 (6th Cir.1988). No such abuse of discretion is apparent here. The evidence surrounding defendant's original arrest had probative value if only to explain to the jury why defendant was stopped in the first place. We agree with defendant that, as a general matter, allegations of unrelated criminal activity tend to give the impression to a jury that a particular defendant has a "bad" or "criminal" character. See Fed.R.Evid. 404(b). In the instant case, however, evidence concerning unrelated criminal activity on the part of defendant was inevitably at the center of the trial. In order to prove that defendant was a felon possessing a firearm that had been transported in interstate commerce the prosecution was obviously required to show that he was a convicted felon. Consequently the trial court, in ruling on defendant's motion in limine, was aware that the jury would be properly exposed to a substantial amount of evidence regarding his prior criminal record. In light of this fact, the trial court determined correctly that the probative value attached to setting out the series of events leading up to the 18 U.S.C. § 922(g)(1) indictment of defendant was not substantially outweighed by any prejudice resulting from mention of the circumstances surrounding his original arrest. See Fed.R.Evid. 403. This is especially so given that the prosecution stipulated to the charge of operating a stolen vehicle having been dismissed. We therefore hold that the trial court did not abuse its discretion in admitting evidence concerning defendant's original arrest.
 
 VI.
 
 14
 Benford further contends that the trial court erred in admitting evidence that he possessed a firearm in connection with two instances of prior criminal activity. He asserted at trial that he did not possess the firearm at issue in the case at bar. Because he denied possession, defendant claims that his intent to possess was not in dispute and that the prosecution could not introduce evidence of other crimes, wrongs, or acts under Rule 404(b) of the Federal Rules of Evidence to prove intent.
 
 
 15
 This court has not previously determined the appropriate mens rea for a possession violation pursuant to 18 U.S.C. § 922(g)(1). In the past, we have relied upon our interpretation of 18 U.S.C.App. § 1202 as a useful aid in determining the proper construction of 18 U.S.C. § 922. United States v. Craven, 478 F.2d 1329, 1336 (6th Cir.1973). We have held, in regard to 18 U.S.C.App. § 1202(a)(1), that the possession element of an offense under that chapter requires knowing possession, whether actual or constructive, thus making the offense a general intent crime. United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987). We interpret 18 U.S.C. § 922(g)(1) in a similar fashion. Accordingly the prosecution was obligated to show that defendant was aware of the presence of the firearm at issue as part of its contention that he violated § 922(g)(1). Because this is so, defendant's claim that he did not possess the firearm did not obviate the need for the prosecution to prove general intent.
 
 
 16
 It is well-established that evidence of other crimes, wrongs, or acts is admissible under Rule 404(b) as indicative of general intent or, equally as relevant, the absence of mistake or accident. The admission of such evidence is, however, bounded by the safeguards contained in Rule 403 of the Federal Rules of Evidence.
 
 
 17
 Our review of a district court's ruling under Rule 404(b) is limited. Hatfield, 815 F.2d at 1072. We will reverse a district court's Rule 404(b) determination only upon a finding of abuse of discretion. United States v. Ebens, 800 F.2d 1422, 1433 (6th Cir.1986). In denying possession defendant implicitly denied knowing possession. The question of his general intent was therefore squarely at issue in the trial. In such a circumstance, we cannot say that the trial court abused its discretion in admitting evidence under Rule 404(b) that defendant had knowingly possessed firearms in connection with other crimes.
 
 VII.
 
 18
 In light of our conclusion that defendant's contentions are individually without merit, we hold that the trial court did not commit cumulative error so as to violate the Due Process Clause of the Fifth Amendment to the United States Constitution.
 
 
 19
 AFFIRMED.