**Russell Earl SHOUSE,**
**Plaintiff-Appellant,**

v.

**Karl H. LJUNGGREN,**
**Defendant-Appellee.**

No. 85–3579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1986.

Decided June 20, 1986.

James Lobsenz, Wolfe & Cullen, Seattle, Wash., for plaintiff-appellant.

Richard C. Boardman, Parkinson, Lojek & Penland, Boise, Idaho, for defendant-appellee.

Before WALLACE and THOMPSON, Circuit Judges, and STEPHENS, District Judge.*

THOMPSON, Circuit Judge:

Russell Earl Shouse appeals from an order granting summary judgment for Karl H. Ljunggren in this action brought under 42 U.S.C. § 1983. We affirm.

On July 17, 1980, Shouse, an Idaho state parolee, committed "lewd and lascivious acts" with a twelve-year-old girl, a violation of Idaho law. Ljunggren, the sheriff of Fremont County, Idaho, learned of the incident the next day and asked Shouse to come to the sheriff's office to discuss the matter. Ljunggren knew that Shouse was on parole.

After receiving *Miranda* warnings, Shouse admitted in writing that he had engaged in sexual relations with the child. Ljunggren then obtained an arrest warrant from Shouse's parole officer. On the afternoon of July 18, 1980, Ljunggren arrested Shouse, pursuant to the warrant, and placed him in the county jail. Shouse was held in the county jail for thirty-six days, during which time he was not taken before a judicial officer for a probable cause hearing. He was not advised of his right to a parole revocation hearing, nor was he served with notification of the allegations against him.

Shouse was released from custody on August 22, 1980, when the victim's parents decided not to press charges. One month later, Shouse was rearrested for the July 17 incident; he subsequently pleaded guilty to the state offense.

Shouse filed this action against Ljunggren in 1982 in federal district court under 42 U.S.C. § 1983. Shouse alleged that Ljunggren and other county jail officials violated his rights by holding him in jail for thirty-six days without giving him notification of the factual grounds that formed the basis for his proposed parole revocation, without advising him of his right to a parole revocation hearing, without holding such a hearing, and without providing a judicial hearing for determination of probable cause. In 1983, a magistrate recommended summary judgment in favor of all of the defendants except Ljunggren. The district court adopted that recommendation in April 1984.

In August 1984, Shouse and Ljunggren signed a "Consent to Proceed Before United States Magistrate," pursuant to which the district court referred to United States Magistrate Mikel H. Williams "all further proceedings [including] the entry of Judgment in accordance with 28 U.S.C. 636(c)...." Ljunggren then moved for summary judgment on the same ground that had been urged in his earlier summary judgment motion, qualified immunity. This time, the magistrate granted the motion.

Shouse then filed this timely appeal. He contends that: (1) the doctrine of "the law of the case" barred Magistrate Williams from granting Ljunggren's motion for summary judgment after the district court had denied an earlier, identical motion; and (2) Magistrate Williams erred in granting summary judgment on the basis of qualified immunity.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Grigsby v. CMI Corp.*, 765 F.2d

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Court Judge, Central District of California, sitting by designation.

1369, 1373 (9th Cir.1985). We must reverse if, viewing the facts and law in the light most favorable to the nonmoving party, there is any genuine issue of material fact or if the substantive law was misapplied.... *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984).

## I. *Law of the Case*

 Shouse first argues that Magistrate Williams's granting of Ljunggren's motion for summary judgment, after the district court had denied a similar motion, violated the doctrine of the law of the case. We disagree.

We have held that a district court judge may grant a motion for summary judgment that was previously denied by another district court judge. *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir.1960). More recently, we stated that the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment. *See Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79–80 (9th Cir.1979). We see no reason for a different rule where, as here, the parties stipulated to having a magistrate hear their dispute. We conclude, therefore, that Magistrate Williams was not bound to follow the district court's earlier denial of Ljunggren's motion for summary judgment.

## II. *Consent to Proceed Before a Magistrate*

Shouse next contends that his consent to proceed before a magistrate was invalid because he was unrepresented by counsel when he waived his right to a hearing by an Article III judge. Because Shouse failed to raise this issue below, we decline to consider it. *See United States v. Patrin*, 575 F.2d 708, 712 (9th Cir.1978).

## III. *Claims Under 42 U.S.C. § 1983*

 Shouse contends Ljunggren violated a duty imposed on him by Idaho law to provide Shouse with notice of the factual allegations of the claimed parole violation as well as notice of his right to a parole revocation hearing. He argues that Ljunggren violated his federal due process rights under *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), by violating state law and by failing to arrange a prompt hearing or release from custody.

We hold that Idaho law does not impose a duty upon Ljunggren to give Shouse the subject notices, and that Ljunggren is entitled to a qualified immunity defense.

### (a) *State Law*

Idaho's parole revocation procedures incorporate the due process principles enunciated in *Morrissey*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. The Idaho Code provides that within fifteen days of an arrest an alleged parole violator "shall be personally served with a copy of the factual allegations of the violation ... by a state probation and parole officer or a law enforcement official, and ... advised of his right to [a hearing]." Idaho Code § 20–229A. Shouse contends that the word "shall" in this provision imposed a mandatory duty on Sheriff Ljunggren to provide notice of the alleged parole violations and that Ljunggren is therefore liable for money damages under section 1983. *See generally Hewitt v. Helms*, 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983) (words "shall," "will," or "must" may be mandatory in character).

To accept Shouse's argument, we would have to view section 20–229A in isolation and focus exclusively on the word "shall." We do not believe this approach is either wise or warranted. The Supreme Court has recognized that prison officials "are subject to a plethora of rules, 'often so voluminous, ambiguous, and contradictory, and in such flux that officials can comply with them only selectively.'" *Davis v. Scherer*, 468 U.S. 183, ——, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984) (*quoting* P. Schuck, *Suing Government* 66 (1983)). The Court has counseled that it is not "always fair, or sound policy, to demand official compliance with statute and regulation on pain of money damages." *Id.* We view

this as a directive from the Court to examine statutes in the context in which they arise and are applied, and not in parsed isolation. Viewing Idaho law and section 20–229A with this in mind, we cannot accept Shouse's narrow and unrealistic interpretation of the duties imposed upon sheriffs under Idaho law.

Section 20–229A is part of a comprehensive regulatory framework directed not at the sheriff, but at the State Board of Correction, the Commission of Pardons and Parole, and employees of these entities. Idaho Code §§ 20–208 to –244. These provisions establish the method of selection, duties, and responsibilities of the Board of Correction and Commission of Pardons and Parole. *Id.* §§ 20–208 to –218. They also establish in detail the procedures imposed upon parole and probation officers governing the revocation of parole or probation. *Id.* §§ 20–220 to –229A. If an individual is suspected of violating probation or parole, a parole or probation officer may arrest a suspected violator without a warrant, or may "deputize" an officer to conduct the arrest by giving a written statement outlining the parole violations. *Id.* § 20–227. The Idaho Code provides that this written statement "shall be sufficient warrant for the detention of the probationer or parolee." *Id.* If a member of the Commission of Pardons and Parole issues a written order stating that an individual has committed a violation, then "all sheriffs, police, constables, parole and probation officers, prison officials and other peace officers" must execute the order. *Id.* § 20–228. Upon detention, the parole and probation officer must notify the Commission, or the court, of the arrest and submit a written report outlining the violations. *Id.* § 20–227. No such duties are imposed upon sheriffs. As noted, within fifteen days of arrest, a state probation and parole officer or a law enforcement official shall serve the violator with notice of his right to a revocation hearing. *Id.* § 20–229A. The Commission must hold an impartial hearing on revocation within thirty days of the arrest. *Id.* § 20–229.

These provisions place the primary responsibility for revoking probation or parole in a manner consistent with due process upon probation and parole officers. Under Idaho law, a sheriff has absolutely no authority to release a suspected violator held by order of the Commission of Pardons and Parole, or to hold a revocation hearing. *Id.* §§ 20–227 to –229. *See generally Fowler v. Cross,* 635 F.2d 476, 480 (5th Cir.1981) (finding no duty upon county jail officials who held a parolee pursuant to a facially valid parole arrest warrant); *Waller v. Drago,* 611 F.Supp. 405, 410–11 (D.Or.1985) (same, interpreting Oregon law). Indeed, the *only* express duty imposed upon sheriffs under Idaho law in this statutory scheme is to obey the command of a Commission member to execute a warrant. Idaho Code § 20–228. Section 20–229A does designate two classes of officials (probation and parole officers or law enforcement officials) to serve the specified notice of an alleged parole violation. But it does not follow that because Ljunggren may fall within one of these classes he is burdened with the responsibility to see that the appropriate notice is prepared and served. Under Idaho law a "law enforcement" official could include "sheriffs, police, constables, parole and probation officers, prison officials and other peace officers....", *id.* § 20–228, or "prosecuting attorney[s]." *Id.* § 31–2227. Are all of these officials charged with the responsibility of timely preparation and service of parole violation notices? We think not.

We conclude that Ljunggren was not required by Idaho law to provide Shouse with notice of the claimed parole violation nor to advise him of his right to a parole revocation hearing.

### (b) *Qualified Immunity Defense*

Ljunggren enjoys a qualified immunity from damages under 42 U.S.C. § 1983 unless his conduct violated " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Davis,* 104 S.Ct. at 3018 (*quoting Harlow v. Fitzgerald,* 457 U.S. 800,

818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The reasonableness of the official's conduct is measured by asking whether the conduct violates clearly established law; no other circumstances are relevant. *Id.*

Given the foregoing statutory framework of Idaho law, and the fact that Ljunggren was holding Shouse in custody under a state parole officer's warrant and had no authority to release Shouse or interfere with state parole revocation procedures, Ljunggren's conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known" under the objective reasonableness test of *Davis,* 104 S.Ct. at 3018. We agree with the magistrate that a reasonable person in Sheriff Ljunggren's position would have deferred to the actions and directions of the state probation and parole officers and would not have been expected to take independent action.

We conclude that Ljunggren was entitled to summary judgment.

IV. *Attorney's Fees*

Appellee Ljunggren's request for attorney's fees on appeal is denied.

AFFIRMED.