Homer Earl HAWKINS, Plaintiff—Appellant,

v.

**EL DORADO TOW COMPANY; et al., Defendants—Appellees.**

No. 08–16777.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

Homer Earl Hawkins, Blythe, CA, pro se.

David M. Sloan, Esquire, Law Office of David M. Sloan, William E. Smith, Deputy County Counsel, Redwood City, CA, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Homer Earl Hawkins appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging due process violations arising from the sale of his impounded car. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir.2000), and we affirm.

▮ The district court properly dismissed the due process claims against the county employees because they were not lienholders and therefore had no duty under California law to provide notice to Hawkins regarding the impending sale of his vehicle. *See* Cal. Civ.Code § 3072(b) (requiring lienholder to provide notice prior to sale of impounded vehicle); *Shouse v. Ljunggren*, 792 F.2d 902, 904–05 (9th Cir. 1986) (analyzing federal due process claim by evaluating whether defendant had a duty to provide notice under state law).

▮ The district court properly granted summary judgment on the claims against El Dorado Tow Company because Hawkins failed to controvert the evidence that El Dorado Tow Company provided the required notice to Hawkins regarding the sale of the vehicle. *See* Cal. Civ.Code § 3072(b) (explaining notice requirement); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[In opposing summary judgment, the nonmoving party must] designate specific facts showing that there is a genuine issue for trial.").

Hawkins's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.