Edward E. **POWELL**, Plaintiff-Appellant,

v.

Roger C. **LEVIT** et al.,
Defendants-Appellees.

No. 78–2694.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1981.

Decided Feb. 19, 1981.
Rehearing and Rehearing Enc Banc
Denied April 17, 1981.
As Amended May 29, 1981.

---

1. Actual penetration is a necessary element of rape under Oregon law. *State v. Kendrick,* 239     Or. 512, 398 P.2d 471 (1965).

Edward E. Powell, pro per.

Kevin M. O'Donnell, Deputy City Atty., San Francisco, Cal., for defendants-appellees.

Before BROWNING, KENNEDY, and HUG, Circuit Judges.

PER CURIAM:

Edward Powell brought this civil rights suit under 42 U.S.C. § 1983 against several police officers, alleging that the officers arrested him without probable cause and with the use of excessive force. The jury found for the defendants. On appeal Powell challenges the district court's admission of impeachment evidence of Powell's sixteen-year old criminal conviction and his juvenile record. We find that the admission of the evidence was prejudicial error and therefore reverse.

The events of the evening of June 9, 1976 that led to Powell's arrest were the subject of sharp dispute between Powell and the defendants. Special Patrol Guard Cole testified that when he saw Powell park his car in a private parking lot reserved for customers of the adjacent businesses, he walked up to Powell and asked him to move his car. According to Cole, Powell drove out of the lot, circled through a few minutes later, was again warned not to park, and then reentered a third time and parked

his car. Cole stated that when he again warned Powell, Powell started using abusive language, at which time Cole summoned a backup guard. The confrontation escalated and police were called in. The officers testified that Powell was drunk, shouting obscenities in front of bystanders, disturbing the peace, and that he resisted arrest.

Powell's case rested largely upon his own testimony. He testified that he drove into the parking lot only once, and when Cole ordered him to move his car, he left the lot and parked on a street nearby. Powell further testified that after he had parked his car and was walking toward a building, Cole and another patrol guard stopped him and ordered him to produce identification, which he refused to do. Powell was subsequently arrested by the summoned police officers, handcuffed, taken to jail, and, according to his testimony, was injured on the wrists by the unnecessary use of force.

In cross-examining Powell, defense counsel asked Powell if he had complained about his wrist injuries at the police station. Powell replied that he had not because the officers were laughing at him and humiliating him. Defense counsel then asked if Powell generally felt that police humiliated him, to which Powell said "no" and added that "I don't hold any remorse or any anger against these gentlemen at all."

Defense counsel then began reading portions of Powell's deposition, in which Powell had answered questions about his previous experience with police.

Question: Okay. Had you ever been injured by police before?

Answer: Sure.

Question: When?

Answer: When I was a kid.

Over the objections of Powell's attorney, defense counsel twice reread the above deposition testimony while continuing his questioning. Defense counsel then asked Powell how he was injured by police as a kid. Powell said that he had been handcuffed and taken out of school. Defense counsel asked: "Why were you taken out of high school in handcuffs?" Powell revealed that

he had been involved in a juvenile adjudication. Defense counsel also questioned Powell concerning time spent in jail in 1962 for a burglary conviction.

Fed.R.Evid. 609(d) provides that evidence of prior juvenile adjudications is generally inadmissible to attack the credibility of a witness, except under certain conditions in a criminal case.[1]

Congress specifically added the words "in a criminal case" in limiting the circumstances under which a trial court may exercise its discretion in admitting evidence of a prior juvenile adjudication. The trial court has no discretion to admit such evidence in a civil proceeding. *See* 3 *Weinstein's Evidence*, ¶ 609[05], at 609–86 (1978). Applying this provision, it was error to allow defense counsel to inquire about Powell's juvenile record.

Subdivision (b) of Rule 609 provides that criminal convictions more than ten years old are not admissible to impeach credibility, unless the "probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" and the proponent gives "sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."[2] The defense did not give notice that it intended to admit Powell's sixteen-year old conviction, nor did the district court make a finding that the probative value of the evidence substantially outweighed its effect. Although the provisions of subsection (b) allow the district court to exercise limited discretion in admitting old convictions, its failure to exercise its discretion in this instance was error.[3] *See United States v. Sims*, 588 F.2d 1145 (6th Cir. 1978); *United States v. Mahler*, 579 F.2d 730 (2d Cir. 1978); *United States v. Cavender*, 578 F.2d 528 (4th Cir. 1978).

The erroneous admission of the evidence is harmless unless it affects "the substantial rights of the parties" or is "inconsistent with substantial justice." Fed.R. Civ.P. 61; *Moran v. H.W.S. Lumber Co., Inc.*, 538 F.2d 238, 243 (9th Cir. 1976). *See generally* 7 Moore's Federal Practice, § 61.-07[2], at 61–22 (2d ed. 1975).

The testimony of Powell and the defendants differed widely and there was little other evidence to support either side's story. Thus the result in the case turned almost entirely on the relative credibility of the party-witnesses. Juries often view citizens' claims of police abuse with skepticism. In this context, the improper introduction of evidence that Powell had been a juvenile offender and had been convicted of a felony as an adult was clearly prejudicial to his chances of receiving fair consideration from the jury. The error was not harmless.

We REVERSE.

---

1. Rule 609(d) provides:

   d) Juvenile adjudications. Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

2. Rule 609(b) provides:

   b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

3. This is not a case where evidence of a prior conviction was introduced to impeach specific testimony on direct examination. Rather, this case presents the more general situation where counsel attempts to impeach the witness' reputation for truthfulness and honesty through the collateral use of evidence of a prior conviction. In the former case, the court may admit the evidence without complying with the strict requirements of Rule 609(b). *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977). Here, in contrast, the rule applies with full force.