Michael A. SCHWESTAK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9412–CR–1249.

Supreme Court of Indiana.

Dec. 23, 1996.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Defendant Michael A. Schwestak appeals his convictions for Murder[1] and Carrying a Handgun without a license,[2] arising from an incident that took place on April 17, 1993. We affirm the trial court.

1. Ind.Code § 35–42–1–1 (1992 Supp.).

2. Ind.Code § 35–47–2–1 (1988).

## Background

On April 16, 1993, defendant's brother Daniel and his friend Jimmy were shot and injured allegedly by an African American male. Jimmy eventually died as a result of the gunshot wound.

The next day, defendant went to his friend Sam Snow's home and asked Snow to drive him to Indianapolis so that defendant could beat up an African American at random in retaliation for the previous day's events. Defendant and Snow pulled into the parking lot of a Rally's fast-food restaurant, where Bruce Williams, an African American male, was standing outside of his car while talking with two friends. Defendant then shot and killed Williams.

At trial, Snow testified against defendant as part of a plea agreement with the State.[3] During his testimony, Snow stated that on the day of the murder, after defendant instructed Snow to pull into the parking lot of the Rally's restaurant and after defendant spotted the victim, defendant told Snow to back out of a parking space. Defendant then leaned out the car window, aimed the gun at the victim and shot him in the back. Then, Snow testified, defendant tried to shoot a second time, but the gun did not fire. Snow stated that defendant told him that he would have fired a second time had the gun not jammed.

Steve Coffman, Jimmy's cousin, also testified and stated that he spent time with defendant the evening of the murder. Coffman testified that defendant told him that he shot the victim for Jimmy.

Defendant exercised his right to testify at trial and testified as to a somewhat different story. Defendant claimed that Snow drove defendant into Indianapolis because defendant was too drunk to drive. Defendant claimed that after he and Snow pulled into the parking lot, he aimed the gun at ·the victim only to scare him. Defendant claimed the gun went off accidentally.

The jury found defendant guilty of both Murder and Carrying a Handgun without a license. Upon conviction, defendant was sentenced to sixty years for the murder conviction and one year for the handgun conviction.

## Discussion

### I

Defendant first claims that the trial court committed reversible error when it refused to permit defendant to impeach Snow with evidence of a burglary conviction that was more than ten years' old.

Ind.Evidence Rule 609 governs impeachment of witnesses by evidence of prior criminal convictions and sets forth the general rule that evidence of certain prior convictions of a witness may be used to attack the credibility of that witness.[4] Subsection (b), however, imposes a time limit:

> Evidence of a conviction under this rule is not admissible if a period of more that ten years has elapsed since the date of the release of the witness ... unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Our court has not had occasion before to apply Evid.R. 609(b). However, a recent opinion from the United States Court of Appeals for the Seventh Circuit is instructive. In *United States v. Reed*, the defendant claimed that the district court erred in refusing to allow the defendant more extensive cross examination, pursuant to Fed.R.Evid. 609(b), regarding a prosecution witness's criminal conviction more than ten years' old. *United States v. Reed*, 2 F.3d 1441 (7th Cir. 1993), *cert. denied* 510 U.S. 1079, 114 S.Ct. 898, 127 L.Ed.2d 90 (1994). The court stated that the standard of review for reviewing a

---

3. Snow pled guilty to Assisting a Criminal, class C felony, and the murder charge against him was dropped.

4. Ind.Evidence Rule 609(a) reads:
   For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, criminal confinement or perjury; or (2) a crime involving dishonesty or false statement.

trial court's decision to exclude evidence under Fed.R.Evid. 609(b) is one of abuse of discretion. *Id.* at 1448. The court found that the district court had not abused its discretion in limiting defendant's cross examination regarding the prior conviction and in so holding stated:

> We would be hard pressed to hold that the trial court abused its discretion in not permitting more details of Ross' [government witness] felony convictions when the court had the discretion to refuse any evidence whatsoever of the conviction because it occurred more than ten years prior. Additionally, we note that Ross' credibility was not the dispositive factor in the trial. As we have previously stated, the evidence against Reed [defendant] is more than sufficient even without Ross' testimony.

*Id.* at 1448–49.

■ Like the court in *Reed*, we apply an abuse of discretion standard of review and conclude that the trial court did not abuse its discretion in declining to allow admission of Snow's prior burglary conviction. We cannot see why the probative value of this conviction, which is more than ten years old, is so high as to overcome the general rule that stale convictions are not admissible. Defendant does not offer any reason other than that Snow's testimony was a very important part of the State's case. Although Mr. Snow's testimony was indeed an important part of the State's case, it certainly was not dispositive. The State introduced ample other evidence establishing defendant's guilt. The trial court did not abuse its discretion in its application of Evid.R. 609(b).

## II

Defendant claims that the trial court erred when it permitted the State, over defendant's objection, to introduce evidence of defendant's reputation for violence when drinking. The State elicited this testimony in the following manner. Defense witness Edward Smith testified that defendant and Smith worked together and that defendant was a "real good worker." Then, on cross examination, the State asked Smith if it is true that defendant gets mean when he drinks. Defendant objected and the court held a hear-

ing outside the presence of the jury to determine whether the objection was sustainable. The trial court ruled that the evidence was admissible since the State claimed it elicited that testimony to show intent, not to show propensity to commit the crime at issue here. The State then asked Smith if he is aware of defendant's reputation in the community regarding how defendant gets after he drinks. Smith responded that he has "heard things" such as that "he [defendant] sometimes gets violent when he drinks."

■ Generally, evidence of a person's character or trait of character is not admissible. *See* Evid.R. 404(a) which provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *See also* Robert Lowell Miller, Jr., *Indiana Evidence*, 12 Indiana Practice § 404.105 (1995). Evid.R. 404(a)(1) provides an exception to this general exclusion when character evidence is offered by the prosecution to rebut character evidence first offered by the accused. Rebuttal evidence "is limited to that which tends to explain, contradict, or disprove evidence offered by the adverse party." *Isaacs v. State*, 659 N.E.2d 1036, 1041 (Ind.1995) (quoting *Berkley v. State*, 501 N.E.2d 399, 400 (Ind.1986)). Evidence of character or a trait of character of a person may be offered by testimony as to reputation. Evid.R. 405(a). Finally, admission of rebuttal evidence is reviewed under an abuse of discretion standard, as it is within the trial court's discretion whether to admit such evidence. *Isaacs*, 659 N.E.2d 1036, 1041.

Like evidence of character or trait of character, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to prove action in conformity. Evid.R. 404(b). However, Evid.R. 404(b) states that evidence of other crimes, wrongs, or acts may be admissible for other purposes "such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." *Id.*

Here, the evidence objected to was Smith's testimony that he heard of defendant's reputation for violence when drinking—which ap-

pears to be character or trait of character evidence, governed by Evid.R. 404(a), rather than evidence of a specific act, governed by Evid.R. 404(b). The State claimed that the evidence presented tended to show intent, and was therefore admissible since it was not offered to prove action in conformity. The trial court agreed. Defendant counters that this constitutes an impermissible merging of Evid.R. 404(a) and Evid.R. 404(b), *i.e.*, that since Evid.R. 404(a) does not list permissible purposes such as intent, as Evid.R. 404(b) does, reputation evidence is not permissible to show intent. Defendant may be correct on that score but it does not help this case.

■ As noted above, Evid.R. 404(a)(1) permits the State to offer evidence of a person's character to rebut evidence of a pertinent character trait offered by the accused. It is clear to us that that is what happened here. Through the testimony of Smith and elsewhere at trial, defendant sought to establish that he was a hard-working, decent, and peaceful individual. The State was entitled to rebut this evidence with evidence of its own, Evid.R. 404(a)(1), including reputation evidence. Evid.R. 405(a). The trial court did not err by overruling defendant's objection.

### III

Defendant finally maintains that the trial court erred in not initially permitting defendant to introduce testimony from a defense witness that defendant's gun had misfired in the past.

At trial, defendant attempted to introduce evidence through the testimony of defense witness Jerry Howe that defendant's gun had accidentally misfired in the past, even though the trial court had previously granted the State a motion *in limine* preventing defendant from introducing this evidence because the court determined it was not relevant. The court maintained its position and refused to permit defendant to admit this evidence, because again, the court stated, it was not relevant. The court did state, however, that defendant may introduce this evidence later in the course of the trial when it became relevant:

> The evidence that we've heard, and especially from Mr. Snow, was that he fired the gun, he intended to fire the gun. All the other witnesses, I believe, that you've put on up to this point indicated that he meant to fire the gun, albeit he said that he was attempting to shoot Mr. Williams in the leg. So I think if you want to put on evidence that there was an accident, that the gun did fire accidentally, then I think at that point Mr. Howe's testimony would be relevant. But I think until that occurs, I think it is irrelevant, and it is not admissible.

(R. 1556–57).

Later, after defendant introduced evidence that the shooting may have been accidental,[5] the trial court permitted defendant to introduce the evidence it had previously excluded via the motion *in limine*. Defendant then also introduced evidence through the testimony of his brother Danny, that defendant's gun had earlier misfired.

■ Relevant evidence is generally admissible. Evid.R. 402. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Evid.R. 401. The trial court's ruling on the admissibility of evidence is accorded a great deal of discretion on review. *Tynes v. State*, 650 N.E.2d 685, 687 (Ind.1995). Also, when a trial court erroneously rules to exclude or admit certain evidence, if its "probable impact on the jury, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties," the error is harmless. *Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind.1995).

■ In all likelihood, we would not disagree with the trial court's decision to initially exclude the evidence at issue here because it was not relevant at that time. Defendant had not up to that point in the trial introduced any evidence whatsoever that the gun had fired accidentally. However, we need not determine whether the trial court erred

---

5. Defendant laid the foundation of an accidental shooting through his own testimony.

in initially excluding that evidence. The trial court later admitted the evidence it previously excluded and also permitted testimony from yet another witness claiming that defendant's gun had previously misfired. The jury heard the evidence the defendant sought to admit, and therefore we conclude that regardless of whether the trial court initially erred in excluding the testimony at issue here, defendant suffered no harm. *Fleener*, 656 N.E.2d at 1142.

### Conclusion

Therefore, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.