Robert Stephen GILES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 90A05–9712–CR–526.

Court of Appeals of Indiana.

Aug. 5, 1998.

John Pinnow, Greenwood, for appellant-defendant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, for appellee-plaintiff.

## OPINION

STATON, Judge.

Robert Stephen Giles appeals from two convictions for theft, class D felonies.[1] Giles presents three issues on appeal which we restate as:

I. Whether the trial court abused its discretion by allowing Giles to be impeached by a conviction over ten years old under Indiana Evid.R. 609(b).

II. Whether the trial court abused its discretion by admitting evidence of prior bad acts under Indiana Evid.R. 404(b).

III. Whether the trial court erred when it refused Giles' tendered instruction on mistake of fact.

We reverse and remand.

The facts most favorable to the verdicts are that Giles, d.b.a. Toolbox, opened a checking account with a $100 deposit on April 16, 1993. The account had a negative balance by June 1, 1993 and throughout the month of June. Giles was aware of the negative balance, but deposited no money into the account. Nevertheless, on June 10, 1993 and June 21, 1993, Giles cashed two checks at Scott's Grocery Store payable to himself from Toolbox as payroll checks. The bank refused to honor the checks for insufficient funds. Scott's sent notice to Giles that the checks were not honored, but Giles did not respond or reimburse the store. The Toolbox account was closed by the bank on June 25, 1993. Based on these two checks, Giles was charged and convicted of two counts of theft. This appeal ensued.

## I.

### *Ten–Year Old Conviction*

During cross-examination of Giles, the State was permitted to impeach him with

---

1. Ind.Code § 35–43–4–2 (1993).

a 1976 conviction for uttering a forged instrument.[2] Giles contends that it was error for the prosecution to introduce this evidence since he was not provided sufficient advance written notice of the State's intent to impeach him with this conviction as required by Ind. Evidence Rule 609(b).

 The relevant portion of Evid.R. 609 provides:

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, criminal confinement or perjury; or (2) a crime involving dishonesty or false statement.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or, if the conviction resulted in confinement of the witness then the date of the release of the witness from the confinement unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Evid.R. 609. We review a trial court's decision regarding whether to admit a conviction over ten years old under an abuse of discretion standard. *Schwestak v. State,* 674 N.E.2d 962, 964 (Ind.1996).

 It is undisputed that the State did not provide Giles with any advance written notice calculated to comply with Evid.R. 609(b).

Nevertheless, the State contends the habitual offender charge it filed, which contained the 1976 conviction, sufficiently advised Giles of the State's intent to impeach him with the 1976 conviction. We disagree.

 Initially, we note that the habitual offender charge was dropped, thereby eliminating the use of the 1976 conviction upon which the State relies. Even had the habitual offender charge not been dropped, we fail to see how the filing of an habitual offender charge should cause a defendant to conclude that stale convictions will be used to impeach him. Commentary to Evid.R. 609(b) recommends that the required notice include: (1) the date of the conviction; (2) the jurisdiction; (3) the offense; and (4) the specific facts and circumstances alleged to justify admission. Evid.R. 609 Committee Commentary Subsection (b). While the habitual offender charge may have contained the first three parts, the fourth and most important piece of information is absent. The entire purpose of providing advance written notice of intent to use a stale conviction is to allow the adverse party "a fair opportunity to contest the use of such evidence." Evid.R. 609(b). Evid.R. 609(b) excludes stale convictions unless the proponent of the evidence demonstrates that its probative value substantially outweighs its prejudicial effect. Evid.R. 609(b); *Dowdy v. State,* 672 N.E.2d 948, 951 (Ind.Ct.App.1996), *reh. denied, trans. denied.* A defendant who received proper notice would thus direct his arguments and research toward prejudice and probative value under 609(b), neither of which is any use in defending against an habitual offender charge. In other words, the habitual offender charge would not motivate a defendant to take a defensive posture which would be useful in contesting stale, impeaching convictions. Since the notice requirement of 609(b) is intended to provide a litigant with a fair opportunity to contest the use of dated convictions,[3] notice which does

---

2. The State also impeached Giles with two other convictions, but the use of these convictions is not claimed as error on appeal.

3. It is for this reason that we disagree with *United States v. Sloman,* 909 F.2d 176 (6th Cir. 1990) where, interpreting Fed.R.Evid. 609(b), the

court relied upon the proposition that the purpose of the notice provision is to prevent surprise and, therefore, failure to give notice is harmless if opposing counsel otherwise knew of the ancient conviction. Avoiding surprise clearly is one of the intended purposes of the federal

not so motivate a litigant is no notice at all. Accordingly, we conclude that Giles did not receive sufficient advance notice of the State's intent to impeach him with the 1976 conviction.

■ No Indiana case has addressed the notice provision of Evid.R. 609(b) nor the ramifications of failing to provide notice. However, the language of 609(b) is quite clear as to the result of failing to provide adequate notice. "[E]vidence of a conviction more than ten years old ... *is not admissible unless* the proponent gives to the adverse party sufficient advance written notice...." Evid.R. 609(b) (emphasis added). Too, since Indiana has adopted the federal rule's approach to the use of stale convictions for impeachment, Evid.R. 609 Committee Commentary Subsection (b), federal law, although not binding, is persuasive. *Dowdy,* 672 N.E.2d at 951.

District court decisions prohibiting the use of stale convictions for impeachment purposes due to lack of notice have been uniformly upheld. A "district court's ruling that the proposed impeachment would not be permitted because [the proponent] failed to provide advance notice to the [adverse party] is unassailably correct." *United States v. Colletti,* 984 F.2d 1339, 1343 (3d Cir.1992); *see also United States v. Vgeri,* 51 F.3d 876, 880 (9th Cir.1995); *United States v. Peak,* 856 F.2d 825, 830 (7th Cir.1988), *cert. denied,* 488 U.S. 969, 109 S.Ct. 499, 102 L.Ed.2d 535 (1988); *United States v. Word,* 806 F.2d 658, 666 (6th Cir.1986), *cert. denied* 480 U.S. 922, 107 S.Ct. 1383, 94 L.Ed.2d 697 (1987). It is considered error where, as in this case, convictions over ten years old are admitted without the proper notice. *Powell v. Levit,* 640 F.2d 239, 241 (9th Cir.1981), *cert. denied* 454 U.S. 845, 102 S.Ct. 160, 70 L.Ed.2d 131 (1981); *United States v. Gilliland,* 586 F.2d

1384, 1390 (10th Cir.1978). *Contra, Sloman,* 909 F.2d 176. We agree with *Powell* and *Gilliland* and also conclude that it is error to permit the impeaching of a witness with a conviction over ten years old when the proponent of the evidence has failed to provide the adverse party with proper notice under 609(b).

■ We also note that the State did not proffer any argument demonstrating that the probative value of the stale conviction outweighed its prejudicial effect. Predictably then, neither did the trial court make any finding regarding, or otherwise demonstrate that it considered, the probative value of the 1976 conviction relative to its prejudicial effect. The legislative history of FED .R.EVID. 609(b) evidences Congress's belief that stale convictions have little, if any, probative value on the issue of credibility, and that convictions more than ten years old should be admitted very rarely and only in exceptional circumstances. *United States v. Felix,* 867 F.2d 1068, 1073 (8th Cir.1989); *United States v. Sims,* 588 F.2d 1145, 1147–48 (6th Cir. 1978). Accordingly, Evid.R. 609(b) is biased against admissibility, *Dowdy,* 672 N.E.2d at 951, and the general rule is that stale convictions are not admissible. *Schwestak,* 674 N.E.2d at 964; *see also United States v. Estes,* 994 F.2d 147, 149 (5th Cir.1993); *United States v. Cathey,* 591 F.2d 268, 275 (5th Cir.1979). In effect, Rule 609(b) creates a rebuttable presumption that convictions over ten years old are inadmissible for impeachment purposes. *Dowdy,* 672 N.E.2d at 951; *Cathey,* 591 F.2d at 275; *Sims,* 588 F.2d at 1150. Thus, the burden is on the proponent of the evidence to demonstrate that the probative value of the evidence supported by specific facts and circumstances substantially outweighs its prejudicial effect. *Dowdy,* 672

609(b) notice provision. H.R.CONF.REP. No. 93–1597, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.A.A.N. 7051, 7061. However, it appears the surprise to be avoided is the surprise associated with being unprepared to argue probative value and prejudicial effect, not surprise associated with mere knowledge of the conviction.

Too, we note that *Sloman* ·excused notice since the government did not know the defendant intended to testify until after the trial began. We agree with *Sloman* to the extent that opinion

suggests notice is excused when a party calls a "surprise" witness. However, we do not consider a criminal defendant taking the stand in his own defense a "surprise" notwithstanding prior indications that the defendant would not testify. The preferred method in such a circumstance, to the extent practicable, is to send notice that if a witness testifies, then the witness's criminal record will be offered for impeachment purposes. *See United States v. Brown,* 603 F.2d 1022, 1027 (1st Cir.1979).

N.E.2d at 951; *United States v. Beahm*, 664 F.2d 414, 418 (4th Cir.1981). Too, the trial court *must* engage in a balancing test on the record before the admission of a stale conviction is permitted. *Estes*, 994 F.2d at 149; *Beahm*, 664 F.2d at 417–18; *Gilliland*, 586 F.2d at 1390. In this case, the State offered no argument supported by specific facts and circumstances as to why the probative value of the 1976 conviction substantially outweighed its prejudicial effect, and the trial court did not engage in the required balancing analysis. It is error to admit stale convictions under these circumstances. *See United States v. Acosta*, 763 F.2d 671, 695–96 (5th Cir.1985), *cert. denied* 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed.2d 148 (1985); *Beahm*, 664 F.2d at 417–19; *Powell*, 640 F.2d at 241.

■ Finally, we cannot agree that the admission of Giles' 1976 conviction for uttering a forged instrument is harmless in this case. During closing, the State argued that "[Giles has] testified to my questions that he has convictions for Theft, Conversion and Uttering Forged Instruments. I would suggest to you that what this is is simply a continuation of that pattern of behavior." Record at 735. Later, the State argued that "This is not an incident, an isolated innocent mistake. This is a plan put in effect by a person with a criminal history involving forged instruments, theft of people's property and checks." Record at 738.

■ "The prior convictions of a witness may only be used by the jury to evaluate the witness's credibility." *Cathey*, 591 F.2d at 275. The State's argument is an invitation to the jury to base their decision, at least in part, not on the evidence presented at trial, but on Giles' past behavior. It is a fundamental principle of American jurisprudence that the State may not deprive its citizens of their liberty for who they are, but only for what they have done. The State's closing argument is a wholly inappropriate invitation for the jury to ignore this principle. *See, e.g., Bowen v. State*, 680 N.E.2d 536, 539 (Ind.1997) (discussing an analogous closing argument in the context of 404(b) evidence).

We therefore conclude that the erroneous admission of Giles' aged conviction is not harmless.

## II.

### Prior Bad Acts[4]

■ The State was allowed to introduce evidence that, during June 1993, Giles cashed fourteen other Toolbox checks payable to himself for a total of $6,557.18, all of which were styled as payroll checks and were returned for insufficient funds. Giles claims that this evidence was introduced in violation of Ind. Evidence Rule 404(b) and that it was unfairly prejudicial. Although the State contends the fourteen other checks were admissible under several of the enumerated exceptions to 404(b), we find dispositive whether the checks were admissible to demonstrate a preconceived plan.

■ Rule 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith." Such evidence may be admitted for other purposes such as proof of motive, preparation, plan, knowledge, identity or absence of mistake. When confronted with a 404(b) objection, the trial court should: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Ind. Evidence Rule 403. *Thompson v. State*, 690 N.E.2d 224, 233 (Ind.1997). The trial court's decision is reviewed for an abuse of discretion. *Id.*

The test to bring evidence of other offenses within the common plan or scheme exception is not whether the other offenses have certain elements in common with the charged crime, but whether the other offenses tend to establish a preconceived plan by which the charged crime was committed. The crimes must, therefore, be so

---

4. Although the first issue is dispositive, we address the subsequent issues since they are likely to arise on remand.

related in character, time and place of commission as to establish some plan which embraced both the prior and subsequent criminal activity and the charged crime.

*Lannan v. State,* 600 N.E.2d 1334, 1339 (Ind. 1992) (quoting *Malone v. State,* 441 N.E.2d 1339, 1346 (Ind.1982)). The uncharged conduct must be tangibly connected to the one for which the defendant is on trial. *Mayberry v. State,* 605 N.E.2d 244, 246 (Ind.Ct.App. 1992), *trans. denied.*

Turning to the facts of this case, Giles presented a total of sixteen checks which were not honored in an approximately one-month period. All the checks, except for two, were for slightly less than $500. All the checks were payable to Giles from the Toolbox account. Most of the checks indicated that they were payroll checks. All the checks were cashed either at Scott's or another merchant since Giles admitted that he knew the bank would not cash the checks. Finally, Giles never made any deposits during the month of June, the time within which these checks were cashed and returned for insufficient funds. We conclude these facts are sufficiently related in character, time and place such that the trial court did not abuse its discretion by allowing this evidence. *See Mayberry,* 605 N.E.2d at 247 (evidence of twenty-two other forged checks admissible to show plan in forgery case).

Too, the evidence is not excludable under Indiana Evid. Rule 403. We acknowledge the potential for prejudice, however our inquiry is not whether the evidence is prejudicial. Rather, the inquiry is whether the evidence is unfairly prejudicial since all relevant evidence in a criminal proceeding is inherently prejudicial. *Richmond v. State,* 685 N.E.2d 54, 55 (Ind.1997); *Cadiz v. State,* 683 N.E.2d 597, 600 (Ind.Ct.App.1997). Given the highly probative value of the other fourteen checks, as evidenced by their numerous similarities, we cannot conclude that the prejudicial effect of these checks outweighed their probative value.[5]

### III.

#### Jury Instruction

Giles' last alleged error is the trial court's refusal of his tendered instruction on mistake of fact. In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Taylor v. State,* 587 N.E.2d 1293, 1303 (Ind.1992), *reh. denied.* The parties dispute whether the evidence adduced at trial supported giving an instruction on mistake of fact.

In order for mistake of fact[6] to be a valid defense, three elements must be satisfied: (1) the mistake must be honest and reasonable; (2) the mistake must be about a matter of fact; and (3) the mistake must negate the culpability required to commit the crime. *Potter v. State,* 684 N.E.2d 1127, 1135 (Ind.1997). Giles testified that he never intended to deprive Scott's of the use and value of its money. Rather, Giles stated that, although he knew there were insufficient funds in the account when he cashed the checks, he intended to deposit money in the account before the checks were presented to his bank. Giles contends that he was thus mistaken about his ability to obtain and deposit money in the account before Scott's presented the checks. However, a fact is "A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence; an actual happening in time or space or an event mental or physical; that which has taken place." BLACK'S LAW DICTIONARY 591 (6th ed.1990). Giles' speculation about his future ability to obtain money in a short period of time and deposit it in

---

**5.** Giles also complains of prejudice since the jury was not instructed that the uncharged misconduct was not to be used to judge Giles' character. However, Giles has not directed us to, and we were unable to locate, any tendered instruction on this point. Accordingly, Giles has preserved no issue for appeal. *White v. State,* 687 N.E.2d 178, 179 (Ind.1997).

**6.** IND.CODE § 35-41-3-7 (1993).

the Toolbox account before Scott's presented the cashed checks is not a "matter of fact." Accordingly, we conclude the trial court did not err by refusing Giles' tendered instruction on mistake of fact.

Reversed and remanded for a new trial.

FRIEDLANDER, and MATTINGLY, JJ., concur.