MEMORANDUM *
Gary Moore appeals from the district • court’s judgment following a jury verdict in favor of defendants in his 42 U.S.C. § 1983 action, and from the district court’s *704 denial of his motion for a new trial Moore alleged that officers of the City of Richmond Police Department used excessive force when they arrested him on October 16, 2002. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and procedural background, we will not recount them here except as may be required in discussing a particular appellate issue.
I
The district court ruled that evidence of Moore’s prior 1998 conviction for attempted grand theft person was admissible for impeachment purposes under Fed. R.Evid. 609. We review evidentiary rulings for abuse of discretion. United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir.2004). An erroneous decision to admit evidence will be reversed only if the error was prejudicial. Simpson v. Thomas, 528 F.3d 685, 689 (9th Cir.2008); Powell v. Levit, 640 F.2d 239, 241 (9th Cir.1981). This court will find prejudice when it is persuaded that the admission affected the outcome of the trial. United States v. Edwards, 235 F.3d 1173, 1178 (9th Cir.2000).
Moore correctly argues on appeal that his 1998 conviction for attempted grand theft person was not properly admitted under either Rule 609(a) or 609(b), because the conviction was more than ten years old and the district court did not articulate any specific facts or circumstances demonstrating that the probative value of the conviction substantially outweighed its prejudicial effect, as required under Rule 609(b). The district court’s error in admitting the 1998 conviction was harmless, however, because Moore has not met his burden of persuading this court that the admission affected the outcome of the trial. See Edwards, 235 F.3d at 1178 (holding that an erroneous admission of evidence is not harmless where it “more likely than not affected the outcome of the trial”).
Jurors heard evidence of Moore’s more recent, more serious 2005 felony conviction for residential burglary, which likely did more to impeach his credibility than the older 1998 conviction for attempted grand theft person. Thus, it is not likely that the admission of the evidence of the 1998 conviction materially affected the jury’s deliberations.
II
Moore argues that the jury instructions misstated what he was required to prove at trial and that, under “the law of the case” doctrine, it was error for the district court not to include in the jury instructions the statements made in an earlier summary judgment order in the case. A district court’s decision whether to apply “law of the case” doctrine is reviewed for an abuse of discretion. See S. Or. Barter Fair v. Jackson Cnty., Oregon, 372 F.3d 1128, 1136 (9th Cir.2004). In reviewing jury instructions, we must determine “whether, considering the charge as a whole, the court’s instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading.” Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988). The district court’s jury instructions met this standard.
The district court did not abuse its discretion in determining that statements from an earlier summary judgment ruling by a prior judge are not required to be incorporated in the jury instructions. See Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir.1986) (citing Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir.1979) (“the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment”)).
*705 Moore also contends that three of the jury instructions were unnecessary, superfluous, confusing and/or contradictory. He largely concedes, however, that those instructions accurately stated the law.
"[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1232 (9th Cir.2011) (internal quotations omitted). "So long as [jury] instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985).
The jury instructions, viewed as a whole, were not misleading. The district court did not err in instructing the jury that it was required to find whether the officers engaged in any of the actions described in the instruction, and if so, whether those actions were performed with excessive force.[1]
III
Moore contends that the district court abused its discretion in denying his motion for a new trial because (1) the withdrawal of his counsel two weeks prior to commencement of trial caused him irreparable harm and (2) he was improperly questioned about prior bad acts during cross-examination. We review the district court's denial of a motion for new trial pursuant to Fed.R.Civ.P. 59(a) for abuse of discretion. Jorgensen v. Cassiday, 320 F.3d 906, 918 (9th Cir.2003). "The abuse of discretion standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously." Kode v. Carlson, 596 F.3d 608, 612 (9th Cir.2010) (citing Grant v. City of Long Beach, 315 F.3d 1081, 1091 (9th Cir.2002)). This court "first look[s] to whether the trial court identified and applied the correct legal rule to the relief requested [and then] look[s] to whether the trial court's resolution of the motion resulted from a factual finding that was ifiogical, implausible, or without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009); see also Roy v. Volkswagen of Am., Inc., 896 F.2d 1174, 1176 *706 (9th Cir.1990) (internal citations omitted) (holding that a new trial may be granted if “the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice”).
In determining whether an irreconcilable conflict exists to support the grant of a motion to withdraw as counsel, we consider “(1) the adequacy of the district court’s inquiry; (2) the extent of any conflict; and (3) the timeliness of the motion.” United States v. McKenna, 327 F.3d 830, 843 (9th Cir.2003) (citing United States v. Adelzo-Gonzalez, 268 F.3d 772, 777 (9th Cir.2001)). Here, the district court adequately inquired into the extent of the attorney-client conflict and considered the timeliness of the motion. In granting counsel’s motion to withdraw, the district court found that Moore had “engaged in conduct that ‘render[ed] it unreasonably difficult for [counsel] to carry out the employment effectively,” and cited to Rule 3-700(C) of the California Rules of Professional Conduct, which states that if the chent’s conduct renders it unreasonably difficult for the lawyer to carry out their employment effectively, they are not required to stay in the case.
Moore also argues that the district court abused its discretion in denying his motion for a new trial because he was prejudiced when the officers questioned him about an occasion several years earlier when he was stopped by police in San Pablo and lied about his true identity. Moore objected to this line of questioning at trial. The district court permitted defense counsel, over Moore’s objection, to continue cross-examining him about the incident but limited the questioning to reading certain questions and answers Moore provided in his prior deposition testimony concerning the incident.
Under Fed.R.Evid. 608(b)(1), “extrinsic evidence is not admissible to prove specific instances of a witness’s conduct in order to attack or support the witness’s character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of ... the witness.” Moore has failed to demonstrate that the district court abused its discretion in allowing defendants to impeach him by evidence of his prior testimony that he had in the past lied to police when they stopped him and asked for his name, or that he was prejudiced by the ruling.
AFFIRMED.
Judge BERZON,

 This disposition is not appropriate for publication and is not precedent except as provided *704 by 9th Cir. R. 36-3.

. In reaching a contrary result, the dissent concludes that the jury instruction setting forth the substantive law on excessive force was legally erroneous and reversible error because the jury "most likely" understood the instruction to mean that "even if the jury determined that the Defendant officer(s) had [for example] ... `[i]nserted a flashlight into Mr. Moore's rectum at the hospital' . -the jury could still find that the force was justified by the circumstantial factors .. including the severity of the crime for which Moore was arrested or the fact that he was `uncooperative and restive at the hospital.'" But "the law governing appellate review of jury instructions counsels against looking at any one jury instruction in isolation." Swinton v. Potomac Corp., 270 F.3d 794, 807 (9th Cir. 2001). "Rather, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." Id, (quotations and citations omitted). Taken as a whole, the instructions given by the district court "fairly and correctly" cover the proper legal standard governing excessive force.
We also disagree with the dissent's determination as to how the jury "most likely" understood the challenged instruction. It is equally likely, based on the evidence presented at trial, that the jury determined that the defendants did not use excessive force or take any of the actions listed in the first part of the challenged jury instruction, in which case the jury would not have proceeded to the second part of the jury instruction to apply the factors used to determine whether the force was excessive.