## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 05 2015, 8:36 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Paul M. Camp
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 5, 2015

Court of Appeals Case No.
01A02-1503-CR-143

Appeal from the Adams Superior Court

The Honorable Patrick R. Miller, Judge

Trial Court Cause No.
01D01-1310-FD-148

**Bradford, Judge.**

# Case Summary

[1] In 2010, Appellant-Defendant Paul Camp was convicted of dealing in methamphetamine. On July 1, 2013, the Indiana legislature enacted a law making it a Class D felony for a person to possess pseudoephedrine, a precursor used in the manufacture of methamphetamine, within seven years of being convicted of dealing in methamphetamine. On multiple occasions between August and September of 2013, Camp purchased products containing pseudoephedrine and was charged with two counts of possession of a precursor by a methamphetamine offender. Camp argued that he did not know that he was prohibited from purchasing pseudoephedrine and tendered jury instructions that it was a defense that he was reasonably mistaken about a matter of fact which prevented him from knowingly committing the acts charged. The trial court refused to give Camp's proposed instructions and the jury found Camp guilty as charged. On appeal, Camp argues that the trial court abused its discretion in declining to give his proposed mistake-of-fact instructions to the jury. We affirm.

# Facts and Procedural History

[2] On May 14, 2010, Camp was convicted of dealing in methamphetamine. On August 15, 2013, Camp purchased a box of "Wal-Phed, twelve hour, twenty-count", a product containing pseudoephedrine, from a Walgreens in Decatur, Indiana. Tr. p. 219. On August 26, 2013, Camp again purchased a box of Wal-Phed from the same Walgreens. Both transactions were recorded by store cameras and logged by the pharmacist in the electronic database of

pseudoephedrine purchases along with Camp's driver's license information. Camp purchased products containing ephedrine or pseudoephedrine a total of six times between July 13, and September 5, 2013.

[3] On October 1, 2013, Camp was charged with two counts of Class D felony possession of a precursor by a methamphetamine offender.[1] On January 26, 2015, the case was tried to a jury. At trial, Camp admitted that he went to the Walgreens with the intent to purchase pseudoephedrine, and did so, but that he did not know it was a crime for him to possess it. At the close of evidence, Camp tendered two proposed mistake-of-fact instructions for submission to the jury.

> **Mistake of Fact – Alternative 1**
> It is an issue whether the accused mistakenly committed the acts charged.
> It is a defense that the accused was reasonably mistaken about a matter of fact if the mistake prevented the accused from:
> [intentionally] [knowingly] committing the acts charged [or] [committing the acts charged with specific intent to [knowingly] [intentionally]].
> The State has the burden of proving beyond a reasonable doubt that the accused was not reasonably mistaken.

Appellant's App. p. 80.

> **Mistake of Fact – Reasonableness from Accused's Perspective**

---

[1] Pursuant to Indiana Code section 35-48-4-14.5(h)(1)(A) (2013), a person who has been convicted of dealing in methamphetamine is prohibited from knowingly or intentionally possessing ephedrine or pseudoephedrine for seven years from the date the individual was sentenced.

> In determining whether the accused's belief was reasonable, you must determine whether a reasonable person in the accused's position would have had such a belief. This means that you must consider all the circumstances, including Defendant's belief it was okay to purchased Sudafed for his mother and himself, in deciding whether his belief was reasonable.
>
> If you have a reasonable doubt whether a reasonable person in the accused's situation would have had such a belief, you must give the accused the benefit of that doubt and find that the belief was reasonably held.

Appellant's App. p. 81.

[4] The trial court refused to give Camp's proposed instructions, finding that his argument was actually that he had made a "mistake of law, not [a] mistake of fact" and that he had not claimed to be mistaken about any of the factual elements of the crime "as to whether it was pseudoephedrine, whether he was a convicted methamphetamine offender, and whether or not seven years had passed from that conviction and whether or not he intentionally possessed it." Tr. p. 295. The jury found Camp guilty as charged and the trial court sentenced Camp to an aggregate 880-day executed term of incarceration.

# Discussion and Decision

[5] Camp claims that the trial court erred in refusing to submit his proposed mistake-of-fact instructions to the jury. "The manner of instructing a jury is left to the sound discretion of the trial court." *Albores v. State*, 987 N.E.2d 98, 99 (Ind. Ct. App. 2013) *trans. denied*. "We review a trial court's instructions to the jury for an abuse of discretion. An abuse of discretion arises when the

instruction is erroneous and the instructions taken as a whole misstate the law or otherwise mislead the jury." *Isom v. State*, 31 N.E.3d 469, 484-85 (Ind. 2015) (citations omitted). "On review of a trial court's decision to refuse a proposed jury instruction, we consider whether the instruction (1) correctly states the law, (2) is supported by the evidence, and (3) is covered in substance by other instructions that are given." *Albores*, 987 N.E.2d at 99.

[6] The trial court refused to give the two mistake-of-fact instructions offered by Camp because Camp did not present evidence to support a mistake-of-fact defense. Camp claims that he was ignorant of the law and would not have purchased pseudoephedrine had he known of the law. "It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." Ind. Code § 35-41-3-7. We have previously held that a mistake of fact defense is available where three elements are satisfied, "(1) the mistake must be honest and reasonable; (2) the mistake must be about a matter of fact; and (3) the mistake must negate the culpability required to commit the crime." *Nolan v. State*, 863 N.E.2d 398, 404 (Ind. Ct. App. 2007). Camp's mistake, even assuming it was honest and reasonable, fails to satisfy the second and third elements.

[7] "A fact is 'A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence; an actual happening in time or space or an event mental or physical; that which has taken place.'" *Giles v. State*, 699 N.E.2d 294, 300 (Ind. Ct. App. 1998) (quoting BLACK'S LAW DICTIONARY

591 (6th ed.1990)). It would be a mistake of fact, for example, if Camp had purchased medication which was mislabeled and purported not to contain any pseudoephedrine when in fact it did contain pseudoephedrine. In such as case, Camp could claim that he was mistaken as to the *fact* that he had knowingly purchased and possessed pseudoephedrine.

[8] Here, Camp's argument is not that he mistakenly purchased or possessed pseudoephedrine but that he did not know it was illegal for him to do so. Camp's mistake was not one of fact; rather, he claims he was simply ignorant of the law. It is well-settled in Indiana that ignorance of the law is no defense. *Dewald v. State*, 898 N.E.2d 488, 493 (Ind. Ct. App. 2008); *Marmont v. State*, 48 Ind. 21, 31 (1874) ("every man is presumed to know the laws of the country in which he dwells;….[I]gnorance of the law excuses no man.") Therefore, Camp's alleged mistake does not negate the culpability required to commit the crime. Because Camp's proposed jury instructions were not supported by the evidence (*i.e.* he was not mistaken as to any *fact*) and incorrectly stated the law (*i.e.* that reasonable ignorance of the law is a defense), the trial court did not abuse its discretion in refusing to give those instructions to the jury.

[9] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.