# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 02 2018, 5:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Wise,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 2, 2018

Court of Appeals Case No.
54A01-1711-CR-2710

Appeal from the Montgomery
Superior Court

The Honorable Heather Barajas,
Judge

Trial Court Cause No.
54D01-1706-F5-1711

**Friedlander, Senior Judge.**

[1] Anthony Wise's driving privileges were suspended for life in 2005 following a conviction for driving as a habitual traffic violator. On June 13, 2017, Wise was released from jail in another cause and ordered to check in with probation officer Brenda Payne two or three times a week. Wise informed Payne that his license was suspended but that his uncle was available any time to drive him to his appointments. Wise had a meeting with Payne set for June 19, 2017, at 11:30 a.m. Around that time, Payne was at her desk watching the lobby and the outside of her building through security cameras. Payne watched as a vehicle parked and as Wise exited the driver's side of the vehicle. Payne took screen shots of the parked car and of Wise standing by the car. Time stamps indicated that Payne took the picture of the car at 11:31:42 and of Wise standing outside the driver's side of the car at 11:31:56. When asked, Wise admitted that he had driven to the appointment.

[2] On June 23, 2017, the State charged Wise with Level 5 felony operating a vehicle after driving privileges were suspended for life. At trial, Payne acknowledged that in a deposition she stated that the June 19, 2017, appointment was scheduled for 10:30 a.m. instead of 11:30. Wise's counsel read the prior testimony into the record, and Payne acknowledged giving that testimony. Payne explained that she must have been referring to the wrong appointment. Wise moved to admit two pages from Payne's deposition. The State objected that the evidence was hearsay and improper because Payne had already admitted that she probably said it. The trial court explained that it typically did not admit only select pages of depositions and inquired whether

Wise wanted to publish the deposition or admit the whole deposition. Wise responded that he did not want to take the time to have it read or for the jury to read it and withdrew the exhibit. The jury found Wise guilty as charged. On November 9, 2017, the trial court sentenced Wise to five years of incarceration.

## 1. Payne's Deposition

[3] Wise contends that the trial court abused its discretion in excluding the two pages of Payne's deposition. A trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion that results in prejudicial error. *Williams v. State*, 43 N.E.3d 578 (Ind. 2015). A trial court's evidentiary decision will be reversed for an abuse of discretion only where the court's decision is clearly against the logic and effect of the facts and circumstances, or when the court misinterprets the law. *Id.* The appellate court may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even if it was not the reason enunciated by the trial court. *Wilson v. State*, 39 N.E.3d 705 (Ind. Ct. App. 2015), *trans. denied*; *Wells v. State*, 30 N.E.3d 1256 (Ind. Ct. App. 2015), *trans. denied*.

[4] Even if we assume, *arguendo*, that the trial court abused its discretion in some way with regard to excluding the two pages of Payne's deposition, any such error could only be considered harmless. When a trial court erroneously excludes or admits evidence, if its "probable impact on the [factfinder], in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties," the error is harmless. *Daniels v. State*, 683

N.E.2d 557, 559 (Ind. 1997) (citing *Schwestak v. State*, 674 N.E.2d 962 (Ind. 1996)).  Here, Wise sought to introduce evidence that Payne testified during a deposition that the June 19, 2017, appointment was scheduled for 10:30.  Payne had already acknowledged as much on the stand, and the prior testimony was read into the record.  It is well-settled that "[w]here the wrongfully excluded [evidence] is merely cumulative of other evidence presented, its exclusion is harmless error."  *Sylvester v. State*, 698 N.E.2d 1126, 1130 (Ind. 1998).  Because the deposition evidence at issue is, at best, cumulative of other evidence admitted at trial, any error that the trial court may have made in excluding it was harmless.

## 2.  Sentence

Wise contends that his five-year sentence for Level 5 felony operating a vehicle after driving privileges were suspended for life is inappropriately harsh.  We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).  "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied."  *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted).  "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the

severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Indiana Code section 35-50-2-6 (2014) provides, in part, that "[a] person who commits a Level 5 felony … shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." So, Wise's five-year executed sentence represents a small enhancement over the advisory for his crime.

[6] While Wise's offense does not seem to have endangered or injured anyone, its utter needlessness stands out. Because Wise needed to bring another driver with him in any event (to support the lie that he was not driving), one is left to wonder why he did not simply have the other person drive. Moreover, this was not an emergency where Wise drove out of necessity. Wise was not driving a gravely injured person to the hospital, for example. The wholly gratuitous nature of Wise's offense supports the imposition of an enhanced sentence.

[7] Wise's character also supports the imposition of an enhanced sentence. Wise, forty-four years old as of sentencing, has an extensive criminal history dating back to 1994. He has a history of violating the terms of his probation; he was released on bond when he committed the present offense; and he has not taken advantage of prior opportunities to address his admitted drug problems. More specifically, Wise's prior criminal record includes felony convictions for two

counts of operating while intoxicated, operating as a habitual traffic violator, identity deception, possession of a controlled substance, and possession of a narcotic drug. Wise has also amassed eight prior misdemeanor convictions. Wise has been found to have violated the terms of probation or community corrections seven times and has had three suspended sentences at least partially revoked. Additionally, Wise had been released from incarceration only six days prior to the instant offense and had already violated the terms of his release by using controlled substances and moving without approval. Despite his many contacts with the criminal justice system, Wise has not chosen to reform himself, even admitting that he had never sought any help for his addiction issues. Wise has failed to establish that his five-year sentence is inappropriate in light of the nature of his offense and his character.

[8] Judgment affirmed.

Vaidik, C.J., and Bailey, J., concur.